UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK MONACO BAZZO,<br><br>Plaintiff,<br><br>v.<br><br>DEBBIE ASUNCION, et al.,<br><br>Defendants. | Case No. CV 16-07730 CJC (RAO)<br><br>ORDER ACCEPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Second Amended Complaint, all of the other records and files herein, and the Report and Recommendation of United States Magistrate Judge ("Report"). Further, the Court engaged in a *de novo* review of those portions of the Report to which Plaintiff objected. The Court hereby accepts and adopts the findings, conclusions, and recommendations of the Magistrate Judge. The Report sufficiently addresses the bulk of the arguments raised in Plaintiff's objections. However, one argument warrants further discussion.

In his objections, Plaintiff argues for the first time that there has been no second level review of health care appeals since 2015, and thus his 2016 health care appeal was improperly rejected for bypassing the second level review. (*See* Dkt. No. 89 at 4-6.) Plaintiff attaches an informational page for the Health Care Appeals

Pilot, which modified the procedures for health care grievances and appeals. (*See id.* at 15.) Plaintiff also attaches a copy of a blank health care grievance form, revised in June 2017, that does not contain a section reserved for processing the second level review. (*See id.* at 12-13.) Defendant objects to Plaintiff's inclusion of new facts and unauthenticated exhibits. (Dkt. No. 90 at 2-3; Dkt. No. 91.)

A district court generally is not required to consider evidence raised for the first time in an objection to a magistrate judge's recommendation. In declining to consider such evidence, the court actually must exercise its discretion; the court cannot simply adopt the recommendation without explaining that it will not consider a new matter. *See Jones v. Blanas*, 393 F.3d 918, 935 (9th Cir. 2004); *Brown v. Roe*, 279 F.3d 742, 745-46 (9th Cir. 2002); *United States v. Howell*, 231 F.3d 615, 621-22 (9th Cir. 2000).

Here, the Court accepts Plaintiff's new evidence and related argument in order to address Plaintiff's objections. The Court also accepts Defendant's supplemental declaration of S. Gates in support of Defendant's reply.

The Health Care Appeals Pilot, which was introduced on September 1, 2015 to streamline the appeals process, was limited to three institutions: the Central California Women's Facility in Chowchilla; the California State Prison Solano in Vacaville; and the Substance Abuse Treatment Facility in Corcoran. *See Federal Receiver for Inmate Medical Services 2017-18 Budget*, Legislative Analyst's Office, https://lao.ca.gov/publications/report/3601 (last visited Sept. 5, 2018).

Plaintiff's claims arose, his grievances were processed, and this action was filed in 2016, while Plaintiff was housed at California State Prison – Los Angeles County in Lancaster, which did not participate in the Health Care Appeals Pilot. (*See* Dkt. No. 44 at 2-3; Dkt. No. 74-1 at 18-26.) The streamlined appeals process was not expanded to all institutions until September 1, 2017. (*See* Dkt. No. 90 at 3-4; Dkt. No. 90-1 at 2.) The implementation of a two-level, rather than three-level,

///

review procedure is thus irrelevant to the issue of Plaintiff's administrative exhaustion in this action.

In sum, the arguments raised by Plaintiff in his objections do not alter the Court's conclusion regarding Plaintiff's failure to exhaust his administrative remedies.

Accordingly, IT IS ORDERED that Plaintiff's Second Amended Complaint is DISMISSED without prejudice.

DATED: September 11, 2018

                                      CORMAC J. CARNEY
                                      UNITED STATES DISTRICT JUDGE